# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs October 15, 2013

## BILLY A. MATHES v. DR. EDMOND LANE ET AL.

**Appeal from the Circuit Court for Morgan County**
**No. 2013-CV-4     Russell E. Simmons, Jr., Judge**

---

**No. E2013-01457-COA-R3-CV-FILED-JANUARY 30, 2014**

---

The plaintiff, a state prison inmate, appeals the trial court's dismissal of his health care liability action against the defendant doctor and his complaint against the warden of the facility where he was treated by the doctor. The trial court granted the defendant doctor's motion to dismiss based upon the plaintiff's failure to comply with the requirements of the Tennessee Medical Malpractice Act ("TMMA"). *See* Tenn. Code Ann. §§ 29-26-115 to -122 (Supp. 2013). The trial court also granted the warden's motion to dismiss upon finding that the plaintiff's complaint contained no factual allegations against the warden. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and D. MICHAEL SWINEY, J., joined.

Billy A. Mathes, Nashville, Tennessee, Pro Se.

John C. McCauley and Carol Davis Crow, Nashville, Tennessee, for the appellee, Dr. Edmond Lane.

Robert E. Cooper, Jr., Attorney General and Reporter; Joseph F. Whalen, Associate Solicitor General; and Lee Pope, Assistant Attorney General, Nashville, Tennessee, for the appellee, Tony Howerton.

**OPINION**

## I. Factual and Procedural Background

The plaintiff, Billy A. Mathes, was housed at Morgan County Correctional Complex ("MCCX") when he was treated by the defendant doctor, Edmond Lane, M.D., in late March 2012. Prior to his entering state custody, Mr. Mathes had sustained multiple injuries, including fractures to both feet, in an automobile accident on November 18, 2010. He was treated at Vanderbilt Medical Center immediately following his accident. Mr. Mathes was subsequently incarcerated at the Greene County Detention Center in May 2011 and was transferred to MCCX in February 2012. When he was treated by Dr. Lane approximately one month following his transfer to MCCX, Mr. Mathes was experiencing particular pain and difficulty with his right foot. Dr. Lane prescribed for Mr. Mathes's condition a regimen of ibuprofen.

Following the initial visit, Mr. Mathes was not seen by Dr. Lane again at MCCX. He was provided with crutches at MCCX, and he was treated by a nurse practitioner approximately one week after meeting with Dr. Lane. On April 13, 2012, Mr. Mathes was transferred to South Central Correctional Complex ("SCCX"). According to his complaint, Mr. Mathes continued to use the crutches at SCCX, but he was confined to the medical wing due to his lack of mobility. In mid-May 2012, Mr. Mathes noticed that one of the tendon "anchors," or hardware, in his right ankle was loose, a condition he asserted was verified by x-ray at SCCX. Mr. Mathes alleged that further injury to his right ankle was caused both by Dr. Lane's failure to properly diagnose his problem and a resultant delay in proper treatment.

On January 31, 2013, Mr. Mathes filed the instant action, naming Dr. Lane and Warden Howerton as defendants. According to the complaint, Dr. Lane showed "deliberate indifference" to Mr. Mathes's medical condition by, *inter alia*, failing to (1) refer him to a specialist, (2) prescribe physical therapy, (3) prescribe a wheelchair, and (4) order transfer to TDOC's special needs facility.[1] Mr. Mathes attached to his complaint an inmate affidavit, pursuant to Tennessee Code Annotated § 41-21-805 (2010), presenting information regarding four previous lawsuits he had filed in United States District Court, three with the Eastern District at Greeneville and one with the Middle District at Chattanooga. Mr. Mathes acknowledged in his affidavit that all four lawsuits had been dismissed, the first three, in Mr. Mathes's words, for "failure to state claim" and the most recent, filed against the Greene County Detention Center and others in the District Court at Greenville on August 2, 2012,

---

[1] At the time of filing his notice of appeal, Mr. Mathes was housed in TDOC's Special Needs Facility in Nashville.

by operation of the "3-dismissal rule."[2] Mr. Mathes also filed with his complaint a certificate referencing the balance in his inmate trust fund account, an affidavit of indigency, and a motion for appointment of counsel.

On March 8, 2013, Dr. Lane and Warden Howerton filed separate motions to dismiss the complaint. Dr. Lane averred that Mr. Mathes's complaint against him should be dismissed because (1) the complaint failed to comply with Tennessee Code Annotated § 41-21-805, (2) a previous filing of a complaint in federal court based on the same facts and theories provided a sufficient basis for dismissal of the instant lawsuit as frivolous or malicious pursuant to Tennessee Code Annotated § 41-21-801 *et seq.*, (3) the complaint failed to state a claim upon which relief could be granted, and (4) the complaint alleged medical malpractice but failed to comply with the TMMA. Warden Howerton averred that the complaint, as it pertained to him, failed to state a claim for which relief could be granted because (1) it contained no allegations against him, (2) the warden could not be held liable for Dr. Lane's actions under the theory of *respondeat superior* pursuant to 42 U.S.C. § 1983, and (3) Mr. Mathes was barred from filing a claim pursuant to Tennessee Code Annotated § 41-21-807.[3]

On March 27, 2013, Mr. Mathes filed various motions, requesting, *inter alia*, that the trial court order Dr. Lane and Warden Howerton to produce Mr. Mathes's medical records and answer interrogatories. Dr. Lane and Warden Howerton filed responses in opposition

---

[2]Dr. Lane attached to his Motion to Dismiss a copy of the Memorandum and Order entered by the District Court at Greenville on December 21, 2012, for this most recent case, number 2:12-cv-00323. The Memorandum and Order shows that the District Court dismissed case number 2:12-cv-00323 pursuant to 28 U.S.C. § 1915(g) after finding that Mr. Mathes had "filed at least three prior civil rights actions which [had] been dismissed for failure to state a claim or as frivolous." *See* 28 U.S.C. § 1915(g) (2006):

> In no event shall a prisoner bring an action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Compare* Tenn. Code Ann. § 41-21-807(c).

[3]Tennessee Code Annotated § 41-21-807(c) provides:

> In no event shall an inmate bring a civil action or appeal a judgment in a civil action or proceeding under this section if the inmate has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of this state or the United States that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim upon which relief may be granted, unless the inmate is under imminent danger of serious physical injury.

-3-

to Mr. Mathes's motions, including requests to stay discovery until the trial court rendered a decision regarding the defendants' respective motions to dismiss.

On June 11, 2013, the trial court entered two orders of dismissal, granting respectively Dr. Lane's and Warden Howerton's motions to dismiss. The court further entered a Memorandum Opinion, explaining that the complaint against Dr. Lane was dismissed for its failure to comply with the requirements of the TMMA. The complaint against Warden Howerton was dismissed due to its failure to state a claim upon which relief could be granted. The trial court also denied Mr. Mathes's motion for appointment of counsel and found Mr. Mathes's other motions, including the motion for production of documents, to be pretermitted by the dismissal of the complaint in full. Mr. Mathes timely appealed.

## II. Issues Presented

Relevant to his appeal of the trial court's dismissal of the instant action, Mr. Mathes presents the sole issue of whether the trial court erred by dismissing his complaint against Dr. Lane and Warden Howerton. Considering the trial court's separate rationales for dismissing the complaint against each defendant, we bifurcate this issue for review as follows:

1. Whether the trial court erred by dismissing Mr. Mathes's complaint against Dr. Edmond Lane pursuant to Tennessee Code Annotated §§ 29-26-121 and -122.

2. Whether the trial court erred by dismissing Mr. Mathes's complaint against Warden Howerton based upon failure to state a claim upon which relief could be granted.

In response to Mr. Mathes's appeal, Warden Howerton raises an additional issue, which we restate as follows:

3. Whether Mr. Mathes is barred from proceeding *in forma pauperis* by operation of Tennessee Code Annotated § 41-21-807(c) because he has, on three or more prior occasions, filed actions that were dismissed for failure to state a claim upon which relief may be granted.

## III. Standard of Review

The issues presented are questions of law. We review questions of law, including those of statutory construction, *de novo* with no presumption of correctness. Tenn. R. App. P. 13(d); *Estate of French v. Stratford House*, 333 S.W.3d 546, 554 (Tenn. 2011). When interpreting statutes, "[o]ur primary objective is to carry out legislative intent without

broadening or restricting the statute beyond its intended scope." *Estate of French*, 333 S.W.3d at 554 (citing *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002)).

In reviewing the trial court's dismissal of a complaint pursuant to Rule 12 of the Tennessee Rules of Civil Procedure, we must only consider the legal sufficiency of the complaint dismissed. *See Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). As our Supreme Court has explained:

> A Rule 12.02(6) motion to dismiss only seeks to determine whether the pleadings state a claim upon which relief can be granted. Such a motion challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof, and, therefore, matters outside the pleadings should not be considered in deciding whether to grant the motion. In reviewing a motion to dismiss, the appellate court must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. It is well-settled that a complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. Great specificity in the pleadings is ordinarily not required to survive a motion to dismiss; it is enough that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." *White v. Revco Disc. Drug Ctrs, Inc.*, 33 S.W.3d 713, 718 (Tenn. 2000) (citing Tenn. R. Civ. P. 8.01).

*Id.* (additional internal citations omitted).

In reviewing pleadings, we "must give effect to the substance, rather than the form or terminology of a pleading." *Stewart v. Schofield*, 368 S.W.3d 457, 463 (Tenn. 2012) (citing *Abshure v. Methodist Healthcare-Memphis Hosp.*, 325 S.W.3d 98, 104 (Tenn. 2010)). We note also that pleadings "prepared by pro se litigants untrained in the law should be measured by less stringent standards than those applied to pleadings prepared by lawyers." *Stewart*, 368 S.W.3d at 462 (citing *Carter v. Bell*, 279 S.W.3d 560, 568 (Tenn. 2009); *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003); *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003)). Parties proceeding without benefit of counsel are "entitled to fair and equal treatment by the courts," but we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

## IV. Dismissal of Complaint Against Dr. Lane Pursuant to
## Tennessee Medical Malpractice Act

The trial court dismissed Mr. Mathes's complaint against Dr. Lane because in filing his complaint, Mr. Mathes had failed to comply with the procedural requirements of the TMMA. It is undisputed that Mr. Mathes failed to provide Dr. Lane notice of a potential claim for medical malpractice at least sixty days prior to filing his complaint and that Mr. Mathes also failed to file a certificate of good faith with his complaint. *See* Tenn. Code Ann. §§ 29-26-121, -122. Mr. Mathes contends that due to his status as a *pro se* litigant and incarcerated inmate, this Court should determine that he "met the minimum standard in filing his suit." Dr. Lane contends that because the gravamen of Mr. Mathes's complaint sounds in medical malpractice, the trial court properly dismissed the complaint for failure to comply with the TMMA. We agree with Dr. Lane.

Mr. Mathes did not in his complaint reference the TMMA as the legal theory under which he was requesting relief, nor did he incorporate the term, "medical malpractice." To determine whether the trial court properly found the requirements of the TMMA to apply to the instant action, we must examine the gravamen, or the "substantial point or essence," of the complaint. *See Estate of French*, 333 S.W.3d at 557 (quoting BLACK'S LAW DICTIONARY 770 (9th ed. 2009)). The designation given to a plaintiff's claims by either party is not determinative because it is "the responsibility of the courts to ascertain the nature and substance of a claim." *Id.* (stating that even though the plaintiff made no reference in her complaint to the TMMA or "medical malpractice," "the requirements of the TMMA apply if, in fact, the factual basis for the claim sounds in medical malpractice.").

Regarding the effect of the distinction between common law negligence and claims falling within the governance of the TMMA, our Supreme Court has explained:

> The elements of common law negligence include "(1) a duty of care owed by defendant to plaintiff; (2) conduct below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause." *Giggers v. Memphis Housing Auth.*, 277 S.W.3d 359, 364 (Tenn. 2009) (quoting *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995)). Medical malpractice claims are governed by the TMMA, which in great measure has codified the elements of common law negligence. *See Gunter v. Lab. Corp. of Am.*, 121 S.W.3d 636, 639 (Tenn. 2003); *Kilpatrick v. Bryant*, 868 S.W.2d 594, 598 (Tenn. 1993). In order to prevail on a claim of medical malpractice, a plaintiff must establish the following statutory elements: (1) the recognized standard of professional care in the specialty and locality in which the defendant practices; (2) that the defendant failed to act in

accordance with the applicable standard of care; and (3) that as proximate result of the defendant's negligent act or omission, the claimant suffered an injury which otherwise would not have occurred. Tenn. Code Ann. § 29-26-115(a).

Whether claims are characterized as ordinary negligence or medical malpractice affects the nature of the litigation. A medical malpractice claimant must establish the statutory elements through the testimony of an expert who meets the qualifications set forth in Tennessee Code Annotated section 29-26-115(b). *See Barkes v. River Park Hosp., Inc.*, 328 S.W.3d 829, 833 (Tenn. 2010) ("Unless the negligence is obvious and readily understandable by an average layperson, expert testimony will be required to demonstrate the applicable standard of care and breach of that standard."); *Seavers v. Methodist Med. Ctr. of Oak Ridge*, 9 S.W.3d 86, 92 (Tenn. 1999) ("Expert testimony is required in medical malpractice cases to assist and to educate the trier of fact unless the alleged malpractice lies within the common knowledge of lay persons."). There is no such requirement for an ordinary negligence claim. Moreover, a potential medical malpractice claimant is required to provide written notice of his or her claim to the health care provider at least sixty days before filing the complaint. Tenn. Code Ann. § 29-26-121(a)(1). Although a trial court may excuse compliance with this provision "for extraordinary cause shown," Tenn. Code Ann. § 29-26-121(b), no such notice is required for a claim based upon ordinary negligence.

*Estate of French*, 333 S.W.3d at 554-55 (footnote omitted). Our Supreme Court in *Estate of French* summarized our standard for determining the distinction as follows:

If the alleged breach of the duty of care set forth in the complaint is one that was based upon medical art or science, training, or expertise, then it is a claim for medical malpractice. If, however, the act or omission complained of is one that requires no specialized skills, and could be assessed by the trier of fact based on ordinary everyday experiences, then the claim sounds in ordinary negligence.

*Id.* at 556.

In the case at bar, the trial court expressly found in its Memorandum Opinion that "[t]he gravamen of the Complaint is a civil action for health care liability." We agree. As noted above, we must construe Mr. Mathes's complaint liberally and presume all factual allegations to be true when reviewing the trial court's grant of a motion to dismiss. *See* Tenn.

-7-

R. Civ. Pro. 12.02; *Trau-Med*, 71 S.W.3d at 696. Mr. Mathes asserted in his complaint that Dr. Lane knew the seriousness of Mr. Mathes's right foot and ankle injury and declined, out of "deliberate indifference" to the seriousness of Mr. Mathes's condition, to refer Mr. Mathes to a specialist or order physical therapy or other specialized care.[4] The gravamen of Mr. Mathes's claim is in the medical art or science, training, and expertise that Mr. Mathes expected Dr. Lane to exercise within the physician-patient relationship. *See Estate of French* at 555-56 ("'The physician-patient relationship is an essential element of a cause of action for medical malpractice, but not for common law negligence.'") (quoting *Pittman v. Upjohn Co.*, 890 S.W.2d 425, 431 (Tenn. 1994)). We thus determine that Mr. Mathes's claim sounds in medical malpractice and is governed by the TMMA.

## A. Pre-Suit Notice

The trial court in its Memorandum Order specifically found that Mr. Mathes failed to "state compliance with the notice requirement in T.C.A. §29-26-121" in his complaint or attach any documentation of such compliance. The court further determined that although Mr. Mathes had received Dr. Lane's motion to dismiss, Mr. Mathes had failed to file any supplemental pleading demonstrating extraordinary cause for non-complaince with the statutory notice requirement. The court acknowledged that Mr. Mathes filed, along with various motions, a "60 day pre-suit notice" to Dr. Lane on March 27, 2013, with the actual notice date given as March 21, 2013. The court, however, found this filing to be "useless" in terms of compliance with the notice requirement because Mr. Mathes had filed the original complaint nearly two months earlier on January 31, 2013.

Tennessee Code Annotated § 29-26-121 provides in pertinent part:

(a)(1) Any person, or that person's authorized agent, asserting a potential claim for health care liability shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon health care liability in any court of this state.

---

[4] We recognize that Mr. Mathes's use of the phrase, "deliberate indifference," echoes the holding of the United States Supreme Court in *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'" Mr. Mathes did not articulate an Eighth Amendment claim in his complaint, however. Moreover, we determine that such a claim would not affect our analysis. *See id.* at 106 ("Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

(2)     The notice shall include:

    (A)     The full name and date of birth of the patient whose treatment is at issue;

    (B)     The name and address of the claimant authorizing the notice and the relationship to the patient, if the notice is not sent by the patient;

    (C)     The name and address of the attorney sending the notice, if applicable;

    (D)     A list of the name and address of all providers being sent a notice; and

    (E)     A HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice.

(3)     The requirement of service of written notice prior to suit is deemed satisfied if, within the statutes of limitations and statutes of repose applicable to the provider, one of the following occurs, as established by the specified proof of service, which shall be filed with the complaint:

    (A)     Personal delivery of the notice . . .; or

    (B)     Mailing of the notice . . . .

(4)     Compliance with subdivision (a)(3)(B) shall be demonstrated by filing a certificate of mailing from the United States postal service stamped with the date of mailing and an affidavit of the party mailing the notice establishing that the specified notice was timely mailed by certified mail, return receipt requested. A copy of the notice sent shall be attached to the affidavit. It is not necessary that the addressee of the notice sign or return the return receipt card that accompanies a letter sent by certified mail for service to be effective.

(b)     If a complaint is filed in any court alleging a claim for health care liability, the pleadings shall state whether each party has complied with

subsection (a) and shall provide the documentation specified in subdivision (a)(2). The court may require additional evidence of compliance to determine if the provisions of this section have been met. The court has discretion to excuse compliance with this section only for extraordinary cause shown.

In a "Motion for Stay" filed on March 27, 2013, Mr. Mathes did not, as the trial court noted, plead "extraordinary cause," in the words of the statute, for his failure to give pre-suit notice to Dr. Lane. Mr. Mathes instead offered the identical argument he presents on appeal that as a *pro se* complainant, his pleadings should be held to a less stringent standard than pleadings drafted by attorneys. Mr. Mathes's contention, though fully considered, is unavailing. *See Stewart*, 368 S.W.3d at 463. The leniency we may afford to pleadings drafted by *pro se* litigants does not extend to excusing such litigants "from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer*, 138 S.W.3d at 903. We cannot conclude that the trial court abused its discretion in finding no extraordinary cause to excuse Mr. Mathes from compliance with the pre-suit notice requirement of Tennessee Code Annotated § 29-26-121. *See, e.g., Childs v. UT Med. Group, Inc.* 398 S.W.3d 163, 170-71 (Tenn. Ct. App. 2012) (upholding the trial court's finding that no extraordinary cause existed to excuse the plaintiffs' failure to comply with the pre-suit notice requirement of Tenn. Code Ann. § 29-26-121 and noting that "[w]hen reviewing a trial court's discretionary decision, we will uphold the ruling 'so long as reasonable minds can disagree as to propriety of the decision made.'" (quoting *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001)).

## B. Certificate of Good Faith Requirement

In dismissing Mr. Mathes's complaint against Dr. Lane, the trial court also found that Mr. Mathes had failed to file the certificate of good faith required in health care liability actions under the TMMA. Tennessee Code Annotated § 29-26-122 provides in pertinent part:

(a)    In any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause. The certificate of good faith shall state that:

-10-

(1)     The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

    (A)     Are competent under § 29-26-115 to express an opinion or opinions in the case; and

    (B)     Believe, based on the information available from the medical records concerning the care and treatment of the plaintiff for the incident or incidents at issue, that there is a good faith basis to maintain the action consistent with the requirements of § 29-16-115; or

(2)     The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

    (A)     Are competent under § 29-26-115 to express an opinion or opinions in the case; and

    (B)     Believe, based on the information available from the medical records concerning the care and treatment of the plaintiff for the incident or incidents at issue and, as appropriate, information from the plaintiff or others with knowledge of the incident or incidents at issue, that there are facts material to the resolution of the case that cannot be reasonably ascertained from the medical records or information reasonably available to the plaintiff or plaintiff's counsel; and that, despite the absence of this information, there is a good faith basis for maintaining the action as to each defendant consistent with the requirements of § 29-26-115. Refusal of the defendant to release the medical records in a timely fashion or where it is impossible for the plaintiff to obtain the medical records shall waive the requirement that the expert review the medical record prior to expert certification.

. . .

(c)     The failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to

dismissal with prejudice. . . . The court may, upon motion, grant an extension within which to file a certificate of good faith if the court determines that a health care provider who has medical records relevant to the issues in the case has failed to timely produce medical records upon timely request, or for other good cause shown.

In his brief on appeal, Mr. Mathes offers no explanation for his failure to file the certificate of good faith other than his general assertion that the trial court should have afforded leniency in his pleadings due to his *pro se* and incarcerated status. As noted above, Mr. Mathes's self-represented status does not excuse him from following the procedural rules that represented parties must observe. *See Hessmer*, 138 S.W.3d at 903. We conclude that the trial court did not abuse its discretion by finding no good cause to have been shown for Mr. Mathes's failure to file a certificate of good faith with his complaint. *See, e.g., Brandon v. Williamson Med. Ctr.*, 343 S.W.3d 784, 789 (Tenn. Ct. App. 2010) (upholding the trial court's dismissal of the plaintiff's medical malpractice action due to her failure to file a timely certificate of good faith and concluding that the plaintiff's initial *pro se* status did not constitute good cause for such failure). The trial court did not err in dismissing Mr. Mathes's complaint against Dr. Lane.

V. Dismissal of Complaint Against Warden Howerton

In granting Warden Howerton's motion to dismiss Mr. Mathes's complaint against him, the trial court found that "the name of Warden Tony Howerton appears only in the style, and there are no factual allegations of any wrongful action on the part of this Defendant." The court therefore dismissed Mr. Mathes's complaint as to Warden Howerton on the basis that the complaint failed to state a claim upon which relief could be granted. In his brief on appeal, Mr. Mathes fails to address the absence of allegations against Warden Howerton in his complaint. *See* Tenn. R. App. P. 27(a)(7)(A) (stating that an appellant's brief shall contain "[a]n argument . . . setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . .").

As noted above, a motion to dismiss pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure, "only seeks to determine whether the pleadings state a claim upon which relief can be granted." *See Trau-Med*, 71 S.W.3d at 696. Rule 8 of the Tennessee Rules of Civil Procedure provides in pertinent part that "[a] pleading which sets forth a claim for relief . . . shall contain: (1) a short and plain statement of the claim showing that the pleader is entitled to relief; and (2) a demand for judgment for the relief the pleader seeks." *See Donaldson v. Donaldson*, 557 S.W.2d 60, 62 (Tenn. 1977) (holding that when "no claim for

relief is stated by a party, a court may properly dismiss the action, either on motion or sua sponte."); *see also Abshure v. Methodist Healthcare-Memphis Hosps.*, 325 S.W.3d 98, 104 (Tenn. 2010) ("The facts pleaded, and the inferences reasonably drawn from these facts, must raise the pleader's right to relief beyond the speculative level."). Upon our careful review of the respective pleadings, we conclude that the trial court did not err in dismissing Mr. Mathes's complaint against Warden Howerton for failure to state a claim upon which relief could be granted.

## VI. Tennessee Prisoner Litigation Reform Act

Warden Howerton raises the additional issue on appeal of whether Mr. Mathes should have been barred from proceeding with this action *in forma pauperis* by operation of the Tennessee Prisoner Litigation Reform Act. *See* Tenn. Code Ann. §§ 41-21-801 to -818. Pursuant to the requirements of Tennessee Code Annotated §§ 41-21-805 and -807, Mr. Mathes filed with his complaint an inmate affidavit and certificate of his inmate trust fund account in order that he might be allowed to proceed with this action *in forma pauperis*. Noting that Mr. Mathes's inmate affidavit indicated four previous civil actions, three of which were dismissed for failure to state a claim upon which relief could be granted, Warden Howerton contends that the trial court erred by failing to dismiss Mr. Mathes's complaint for his failure to pay the full filing fee, pursuant to section 807(c).

The trial court, having dismissed Mr. Mathes's complaint on the bases previously explained in this opinion, did not reach the issue in its Orders of Dismissal or Memorandum Opinion of whether Mr. Mathes's complaint should be barred by operation of Tennessee Code Annotated § 41-21-807(c). Having discerned no error in the trial court's dismissal of Mr. Mathes's complaint on independent grounds, we conclude that the trial court did not err in declining to address this issue. The issue is pretermitted as moot. *See Dorrier v. Dark*, 537 S.W.2d 888, 890 (Tenn. 1976) ("This is a court of appeals and errors, and we are limited in authority to the adjudication of issues that are presented *and decided* in the trial courts . . . .") (emphasis added).

## VII. Conclusion

For the reasons stated above, we affirm the order of the trial court dismissing this action against both defendants. The costs on appeal are assessed against the Appellant, Billy

A. Mathes.  This case is remanded to the trial court, pursuant to applicable law, for enforcement of the trial court's judgment and collection of costs assessed below.

_____

THOMAS R. FRIERSON, II, JUDGE