■ JANICE BOWHALL et al., Respondents, v GEORGE H. HANLON et al., Defendants, and EDWARD JOHN NOBLE HOSPITAL, Appellant. — Appeal from an order of the Supreme Court at Special Term (Mercure, J.), entered January 3, 1983 in St. Lawrence County, which denied a motion by defendant Edward John Noble Hospital for summary judgment dismissing the complaint. On April 3, 1980, plaintiff Janice Bowhall was admitted to defendant Edward John Noble Hospital. The following day a cholecystectomy was performed by defendant Dr. George Hanlon, with defendant Dr. Alexander Dodds assisting. In the course of the operation, Bowhall's common bile duct was apparently tied unnecessarily, causing an obstruction which led to severe complications. Hanlon decided to transfer Bowhall to the Crouse-Irving Hospital in Syracuse where she could obtain more sophisticated treatment. Eventually, Bowhall was admitted to the Upstate Medical Center in Syracuse where a second operation was performed to correct her condition. She remained at that hospital until May 7, 1980 and continued to require treatment as an outpatient for several months. This lawsuit ensued. Plaintiffs Bowhall and her husband originally sued Hanlon and defendant hospital. They alleged that the hospital was negligent in permitting Dodds to use the facilities of the operating room for general surgery when he was not qualified to assist in such surgery. Following a deposition of Hanlon on July 20, 1981, plaintiffs added Dodds to the suit as an additional defendant. Pursuant to section 148-a of the Judiciary Law, a medical malpractice panel convened on May 5, 1982 to consider the merits of this action. The panel concluded that Hanlon should be found guilty of malpractice performed during the cholecystectomy, but made no recommendation with respect to Dodds or defendant hospital, stating that "because of the factual issues involved, there was not definite and sufficient information before this panel to make a finding". Shortly thereafter, Hanlon was released in a settlement of $100,000. On August 13, 1982, defendant hospital moved for summary judgment, arguing that the hospital could not be held derivatively liable for the

acts of the physicians when they were independent contractors and privately retained. Special Term denied the motion, holding that an issue of fact had been raised regarding the hospital's action in providing Dodds with unlimited and undelineated use of its facilities. Defendant hospital now appeals. Plaintiffs' allegations of negligence are predicated on the theory that defendant hospital wrongly permitted Dodds to assist in the operation and that his presence in the operating room in some way contributed to the tying of the common bile duct. Department of Health regulations require as "minimum standards" that "[i]n any procedure with unusual hazard to life, there is present and scrubbed as first assistant a physician designated by the credentials committee as being qualified to assist in major surgery" (10 NYCRR 405.1031 [a] [2]). Plaintiffs challenge the qualifications of Dodds as a first assistant, while defendant counters that the cholecystectomy is not covered by this regulation because this operation does not present any "unusual hazard to life". In our opinion, Special Term correctly found that plaintiffs had presented sufficient evidence of a fact issue regarding this operation's "unusual hazard to life". Hanlon himself testified at his deposition that a cholecystectomy "is always a risk" and that there existed "a possibility that a person would even expire during an operation". Volume 10 (§ 405.1031, subd [a], par [1]) of the Official Compilation of Codes, Rules and Regulations of the State of New York further requires that in order for a hospital to establish a department of surgery, "[s]urgical privileges [be] delineated for all physicians doing surgery in accordance with the competencies of each physician". It appears from the deposition of Tracy Storch, a hospital representative, that Dodds was given undelineated operating room privileges. Questions of fact exist as to whether a general practitioner with a specialty in obstetrics and gynecology, such as Dodds, qualified as a physician permitted to perform or assist in major surgery. Moreover, as Special Term noted, questions exist as to whether defendant hospital, in its review of the qualifications of defendant physicians, adequately considered the qualifications of each doctor. Finally, contrary to defendant hospital's contention, we find questions of fact exist as to whether the actual conduct of Dodds contributed to the instant injury. Indeed, it is not controverted that Dodds was involved, as the assistant in surgery, in retracting and suturing. The order denying summary judgment should, therefore, be affirmed. Order affirmed, with costs. Kane, Weiss and Levine, JJ., concur.

Mahoney, P. J., and Casey, J., dissent and vote to reverse in the following memorandum by Mahoney, P. J. Mahoney, P. J. (dissenting). While we concur in the majority's holding that Special Term correctly found that plaintiffs presented sufficient evidence of a factual issue regarding the operation's "unusual hazard to life", we cannot join our brethren in their view that plaintiffs also succeeded in their claim that Dodds was not qualified as a first assistant. The only evidence in opposition to defendant hospital's motion for summary judgment was plaintiffs' affidavit which states, "That by virtue of the hospital's failure to delineate the authorization extended to Dr. Dodds * * * the plaintiff was placed in a position whereby the first surgical assistant at the time of her surgery was, unfortunately, wholly unqualified to assist." No documentary proof of Dodd's background or qualifications was presented, nor did plaintiffs submit an expert's affidavit challenging Dodd's qualifications. Further, plaintiffs did not depose Dodds to examine his qualifications firsthand. Since defendant hospital, in support of its motion for summary relief, presented proof that the malpractice was caused by the negligent acts of Hanlon, a person for whom it was not responsible, it was incumbent upon plaintiffs to come forward with evidentiary proof showing a legally responsible link between defendant hospital and plaintiffs' injuries (*Blake v Gardino*, 35 AD2d 1022, 1023, affd 29 NY2d 876). No such proof was proffered by plaintiffs.

The only evidence presented regarding Dodd's participation in the surgery came from Hanlon's testimony. He merely stated that Dodds was following the duties standard for an assistant in surgery, such as retracting and suturing. Accordingly, we would vote to reverse the order of Special Term and grant defendant hospital's motion for summary judgment.