ANNA RASCHEL, Also Known as ANNA M. RASCHEL, Respondent, v BENITO RISH, Defendant, and YONKERS PROFESSIONAL HOSPITAL, Appellant.

The derivative claim is dismissed. The undisputed facts demonstrate that plaintiff engaged Dr. Rish as her physician and paid him directly for his services and that she consulted with him at his private office where the alleged silicone injections were administered. Although Dr. Rish was a part owner of defendant private proprietary hospital and served as president of its board of directors and as chief of plastic surgery, there is no evidence that he was an agent or employee of the hospital. A physician's involvement as a director or stockholder of a hospital does not supply any inference that the hospital controlled or supervised his private practice plaintiff failed to submit any other proof that Dr. Rish was the actual or apparent agent of the hospital, hence, under the circumstances here, the hospital

cannot be held vicariously liable under the doctrine of respondeat superior (*Fiorentino v Wenger,* 19 NY2d 407; *Smith v Ferro,* 86 AD2d 752).

Further, the record does not establish that the hospital failed to furnish skillful care or that it assumed the obligation to obtain plaintiff's informed consent and partial summary judgment is directed in favor of the hospital (CPLR 3212 [e]). In our view, however, plaintiff has established the existence of issues of fact relating to the hospital's breach of its duty to investigate Dr. Rish's competency before renewing his staff privileges. While a hospital is not responsible for the actual treatment of a patient by a private physician with staff privileges, the failure of a hospital to develop and adhere to reasonable procedures for reviewing a physician's qualifications creates a foreseeable risk of harm thus establishing an independent duty to such patients (*Bowhall v Hanlon,* 99 AD2d 857; *Elam v College Park Hosp.,* 132 Cal App 3d 332, 183 Cal Rptr 156; *Johnson v Misericordia Community Hosp.,* 99 Wis 2d 708; *see also, Fiorentino v Wenger,* 19 NY2d 407, *supra; Byork v Carmer,* 109 AD2d 1087). To counter the hospital's contention that it had followed reasonable credentials procedures in reviewing Dr. Rish's qualifications, plaintiff established that Dr. Rish had been sued at least three times for malpractice for surgery performed in 1973 and 1974 and for silicone injections in 1972. Thus, whether the hospital negligently failed to restrict Dr. Rish's staff privileges is a question of fact which should be determined at trial. Accordingly, defendant hospital is entitled to judgment dismissing (1) plaintiff's derivative cause of action and (2) part of her cause of action which claims that the hospital is liable for its own negligence. (Appeal from order of Supreme Court, Monroe County, Davis, J. — summary judgment.) Present — Dillon, P. J., Boomer, Green, O'Donnell and Schnepp, JJ.