■ EDWARD J. CONDOLFF et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 107779.) [795 NYS2d 454]—

In a claim to recover damages for medical malpractice, etc., the defendant appeals from an order of the Court of Claims (Lack, J.), entered April 8, 2004, which, inter alia, denied that branch of its motion which was to dismiss the fourth claim.

Ordered that the order is affirmed, with costs.

Contrary to the defendant's contention, the claimants' fourth claim, which alleged, among other things, that the defendant breached a duty of care owed to the injured claimant, Edward J. Condolff, by failing to develop and adhere to reasonable procedures for reviewing the qualifications of its credentialed medical staff, and that such breach was a proximate cause of the injured claimant's injuries, sufficiently stated the nature of the claim (see Court of Claims Act § 11 [b]; Sinski v State, 265 AD2d 319 [1999]; see also Raschel v Rish, 110 AD2d 1067 [1985]).

Moreover, by alleging that he sustained injuries during the course of his hospitalization from July 11, 2002, through July 25, 2002, at University Medical Center in Stony Brook, the injured claimant sufficiently set forth the time when, and place where, the claim arose (see Court of Claims Act § 11 [b]; Sinski v State, supra; see also Ackerman v Price Waterhouse, 84 NY2d 535, 541 [1994] [tort claim arises when an injury is sustained]). Cozier, J.P., Krausman, Mastro and Fisher, JJ., concur.