ELBA ORTIZ et al., Appellants, v AHMAD M. JABER et al., Defendants, and LUTHERAN MEDICAL CENTER, Respondent. [843 NYS2d 384]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Kramer, J.), entered March 21, 2006, which, upon an order of the same court dated March 29, 2005, granting those branches of the motion of the defendant Lutheran Medical Center pursuant to CPLR 4404 (a) which were to set aside a jury verdict in favor of the plaintiffs and against it on the issue of liability, and for judgment as a matter of law, is in favor of the defendant Lutheran Medical Center dismissing the complaint insofar as asserted against it.

Ordered that the judgment is affirmed, with costs.

On September 16, 1997 the plaintiff Elba Ortiz (hereinafter the plaintiff) underwent laparoscopic surgery, which was performed by the defendant Ahmad M. Jaber at the defendant Lutheran Medical Center (hereinafter Lutheran). The plaintiff, along with her husband, commenced this action, inter alia, to recover damages for personal injuries. Jaber settled with the plaintiffs. The case proceeded to trial against Lutheran on the theory that, because Jaber had been a defendant in 21 previous medical malpractice actions over the course of his career, Lutheran violated its own bylaws and the Public Health Law in re-credentialing him upon his most recent application for hospital privileges.

The plaintiffs' expert testified at trial that Lutheran should have considered Jaber's entire history of malpractice cases prior to re-credentialing him, and, in light of the number of such cases, should have conducted additional investigation or denied or restricted his privileges. The defense experts testified that Lutheran did, in fact, adhere to its bylaws by conducting a review of Jaber's entire file, including all medical malpractice cases against him, and was only required by statute to consider "pending" cases on his most recent application for privileges (*see* Public Health Law § 2805-k).

The jury found in favor of the plaintiffs on the issue of Lutheran's liability for negligent re-credentialing. In a posttrial motion to set aside the verdict, inter alia, Lutheran argued that the plaintiffs' expert's testimony failed to establish that, in the re-credentialing process, Lutheran had violated its own bylaws or the Public Health Law, or that it should have denied Jaber's application for hospital privileges based upon the fact that he had been named as a defendant in previous medical malpractice cases.

A hospital is required to review an independent physician's qualifications before granting or renewing privileges (Public Health Law §§ 2805-j, 2805-k; *see Condolff v State of New York*, 18 AD3d 797 [2005]; *Raschel v Rish*, 110 AD2d 1067, 1068 [1985]; *Napolitano v Huss*, 272 AD2d 308 [2000]; *Sledziewski v Cioffi*, 137 AD2d 186, 189 [1988]). In the absence of evidence that Lutheran acted in violation of its bylaws or the Public Health Law in re-credentialing Jaber, there was no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Tsatsakis v Booth Mem. Med. Ctr.*, 37 AD3d 591, 593 [2007]; *Nyon·Sook Lee v Shields*, 188 AD2d 637, 639-640 [1992]).

Accordingly, the Supreme Court properly set aside the jury

verdict and awarded Lutheran judgment as a matter of law. Crane, J.P., Lifson, Carni and Balkin, JJ., concur.