# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
January 13, 2015 Session

# DENNIS SMITH v. GEORGE TESTERMAN, M.D., ET. AL.

**Appeal from the Law Court for Sullivan County (Kingsport)**
**No. C40423(C)     Hon. E.G. Moody, Chancellor**

---

**No. E2014-00956-COA-R9-CV-FILED-MARCH 10, 2015**

---

This is a case alleging negligence by the defendants which resulted in injury to a patient, Dennis Smith. Following hernia surgery, Mr. Smith was fitted for a wound vacuum because an infection had developed at the surgical site. A sponge was placed to absorb the infection. The defendants removed the wound vacuum when the infection dissipated, but they failed to remove the sponge, which later caused the wound to burst. Mr. Smith filed suit, and the defendants asserted that dismissal was appropriate because Mr. Smith had not complied with the filing requirements of the health care liability statute.[1] Mr. Smith responded that his complaint sounded in ordinary negligence, not health care liability. The trial court agreed and denied the motions but also granted permission for the defendants to pursue an interlocutory appeal. We granted the application for permission to appeal and now reverse the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Law Court
Reversed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J., and THOMAS R. FRIERSON, II, J., joined.

---

[1]Tennessee Code Annotated section 29-26-101 now defines most all cases occurring in a medical context as "health care liability actions." The statute specifies that such an action "means any civil action, including claims against the state or a political subdivision thereof, alleging that a health care provider or providers have caused an injury related to the provision of, or failure to provide, health care services to a person, regardless of the theory of liability, on which the action is based." *See* Acts 2011, ch. 510, § 8. Effective April 23, 2012, the term "health care liability" replaced "medical malpractice" in the Code. *See* Acts 2012, ch. 798.

Jeffrey M. Ward, Greeneville, Tennessee, for the appellants, George Testerman, M.D. and Medical Education Assistance Corporation.

Andrew T. Wampler and Russel W. Adkins, Kingsport, Tennessee, for the appellants, Wellmont Holston Valley Medical Center, Wellmont Physicians Services, and Wellmont Medical Associates.

Richard E. Ladd, Jr. and Holly N. Mancl, Bristol, Tennessee, for the appellant, Advanced Home Care, Inc.

Larry V. Roberts and Wesley A. Mink, Johnson City, Tennessee, for the appellee, Dennis Smith.

**OPINION**

**I. BACKGROUND**

On April 7, 2011, George Testerman, M.D. performed surgery on Dennis Smith ("Plaintiff") to repair a hernia. An infection developed following surgery that required additional surgery to place a wound vacuum to drain the infection and a sponge to absorb the fluid as the infection drained. Plaintiff was discharged, and Advanced Home Care, Inc. ("AHC") provided home health care nursing services for Plaintiff's continued treatment. Likewise, Daniel Anderson, M.D., Tiffany Lasky, M.D., Corydon Siffring, M.D., and Dr. Testerman periodically examined Plaintiff as he recovered. Dr. Testerman removed the wound vacuum on August 16, 2011. Plaintiff's wound did not heal, and in December 2012, he was readmitted to the hospital, where the wound burst open, revealing that the sponge had been left in the wound. The majority of the sponge was removed upon discovery, but a portion remained inside the wound for fear that removal would injure a herniated bowel.

On December 2, 2013, Plaintiff filed suit against AHC, Dr. Testerman, and Dr. Testerman's employers, WellMont Physician Services, Inc., Medical Education Assistance Corporation d/b/a University Physicians Practice Group, Wellmont Health System d/b/a Wellmont Holston Valley Medical Center, and Wellmont Medical Associates, Inc. (collectively "Defendants"). Plaintiff alleged that Dr. Testerman and AHC were negligent by failing to either remove the sponge or communicate with the other physicians to ensure that the sponge had been removed. He claimed that their negligence resulted in physical and emotional injury, pain and suffering, and further medical treatment that otherwise would not have occurred. He sought compensatory damages in the amount of $1,000,000.

Defendants responded by filing motions to dismiss, alleging that although the allegations clearly related to an injury arising out of Plaintiff's medical care and treatment, he had failed to comply with the Tennessee Medical Malpractice Act ("the Act"), which sets forth specific filing requirements for health care liability actions. When a complaint is filed pursuant to the Act, the plaintiff is required to file pre-suit notice 60 days prior to filing suit and to attach a certificate of good faith and a copy of the pre-suit notice with relevant documentation to the actual complaint. Tenn. Code Ann. §§ 29-26-121, -122. Defendants alleged that Plaintiff's failure to comply with the Act required dismissal of the complaint with prejudice. Plaintiff conceded that he had not provided pre-suit notice or attached a certificate of good faith to his complaint. He asserted that he was not required to comply with the Act because he filed an ordinary negligence action, not a health care liability action.

The trial court denied the motions to dismiss based upon the belief that Plaintiff was not required to comply with the Act because he had filed a claim for ordinary negligence, not health care liability. The court granted permission to seek an interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. Thereafter, Defendants filed applications for permission to appeal to this court. Plaintiff did not object or otherwise respond. We subsequently granted the Rule 9 applications.

## II. ISSUE

Unlike an appeal as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure, "in which both the appellant and the appellee have broad latitude with regard to the issues that may be raised," the questions we may address are limited to "those matters clearly embraced within" the issues certified by the trial court. *Sneed v. The City of Red Bank, Tennessee*, ——S.W.3d ——, E2012-02112-SC-R11-CV (Tenn. Dec. 2, 2014) (internal citations omitted). We have restated the issue identified by the trial court in its order as follows:

> Whether an action seeking compensatory damages for injuries sustained as a result of a foreign object having been left in the patient's body following surgery is a "health care liability action," as defined in Tennessee Code Annotated section 29-26-101, such that the mandatory presuit provisions set forth in Tennessee Code Annotated sections 29-26-121 and 29-26-122 apply.

## III. STANDARD OF REVIEW

This action was initiated in December 2013; therefore, the dispositive summary judgment motion is governed by Tennessee Code Annotated section 20-16-101, which provides,

In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:

> (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
>
> (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101.

A trial court's decision to grant a motion for summary judgment presents a question of law, which we review de novo with no presumption of correctness. *See City of Tullahoma v. Bedford Cnty.*, 938 S.W.2d 408, 417 (Tenn. 1997). We must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008); *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox Cnty. Bd of Educ.*, 2 S.W.3d 927, 929 (Tenn. 1999). If the undisputed facts support only one conclusion, then the court's summary judgment will be upheld because the moving party was entitled to judgment as a matter of law. *See White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).

This action also presents a matter of statutory interpretation, which is reviewable as a matter of law pursuant to the de novo standard without any presumption of correctness. *In re Estate of Tanner*, 295 S.W.3d 610, 613 (Tenn. 2009) (citing *Gleaves v. Checker Cab Transit Corp.*, 15 S.W.3d 799, 802 (Tenn. 2000); *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998)). The primary objective of statutory interpretation is to carry out the legislative intent without broadening or restricting a statute beyond its intended scope. *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002). In construing legislative enactments, we presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the General Assembly is not violated by so doing. *In Re C.K.G.*, 173 S.W.3d 714, 722 (Tenn. 2005). When a statute is clear, we apply the plain meaning without complicating the task. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004). We also presume that the General Assembly was aware of the state of the law when the statutes were enacted and that it did not intend to enact a useless statute. *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 527 (Tenn. 2010).

## IV. DISCUSSION

Defendants argue that the mandatory provisions of Tennessee Code Annotated sections 29-26-121 and 29-26-122 apply because the clear and unambiguous language of the Act reflects that the claim is a health care liability action pursuant to section 29-26-101. They note that the case arises out of the alleged negligence of various health care providers relating to the health care services received by Plaintiff. Plaintiff responds that he filed an ordinary negligence action as evidenced by the fact that the alleged malpractice lies within the common knowledge of laypersons. He notes that expert testimony is not required to establish that Defendants were negligent by failing to remove the sponge.

As our Supreme Court has previously stated, "[c]ases involving health or medical entities do not automatically fall within the [health care liability] statute." *Draper v. Westerfield*, 181 S.W.3d 283, 290 (Tenn. 2005). To aid in the determination of such issues, the health care liability statute was amended as applied to actions that accrue on or after October 1, 2011.[2] The statute now provides as follows:

(a) As used in this part, unless the context otherwise requires:

(1) "Health care liability action" means any civil action, including claims against the state or a political subdivision thereof, alleging that a health care provider or providers have caused an injury related to the provision of, or failure to provide, health care services to a person, regardless of the theory of liability on which the action is based[.]

(2) "Health care provider" means:

(A) A health care practitioner licensed, authorized, certified, registered, or regulated under any chapter of title 63 or title 68, including, but not limited to, medical resident physicians, interns, and fellows participating in a training program of one of the accredited medical schools or of one of such medical

---

[2]Whether the case sounds in health care liability or ordinary negligence, the cause of action in this case accrued in December 2012, when the sponge was discovered. In Tennessee, the discovery rule "provides that a cause of action accrues and the statute of limitations begins to run when the plaintiff knows or in the exercise of reasonable care and diligence should know that an injury has been sustained as a result of wrongful or tortious conduct by the defendant." *Fahrner v. SW Mfg., Inc.*, 48 S.W.3d 141, 143 (Tenn. 2001) (citing *Kohl & Co. v. Dearborn & Ewing*, 977 S.W.2d 528, 532 (Tenn. 1998)); *see also Sherrill v. Souder*, 325 S.W.3d 584, 592-95 (Tenn. 2010) (discussing the applicability of the discovery rule in health care liability actions).

school's affiliated teaching hospitals in Tennessee;

(B) A nongovernmental health care facility licensed under title 68, chapter 11;

(C) A nongovernmental health facility licensed under the Mental Health, Developmental Disability, and Personal Support Services Licensure Law, compiled in title 33, chapter 2, part 4;

(D) The employee of a health care provider involved in the provision of health care services, including, but not limited to, physicians, nurses, licensed practical nurses, advance practice nurses, physician assistants, nursing technicians, pharmacy technicians, orderlies, certified nursing assistants, technicians and those physicians and nurses employed by a governmental health facility; or

(E) A professional corporation or professional limited liability company established pursuant to title 48, a registered limited liability partnership rendering professional services under title 61 and which consists of one (1) or more health care practitioners licensed, authorized, certified, registered, or regulated under any chapter of title 63 or title 68, or any legal entity that is not itself required to be licensed but which employs one or more health care practitioners licensed, authorized, certified, registered, or regulated under any chapter of title 63 or title 68.

(b) Health care services to persons includes care by health care providers, which includes care by physicians, nurses, licensed practical nurses, pharmacists, pharmacy interns or pharmacy technicians under the supervision of a pharmacist, orderlies, certified nursing assistants, advance practice nurses, physician assistants, nursing technicians and other agents, employees and representatives of the provider, and also includes staffing, custodial or basic care, positioning, hydration and similar patient services.

(c) Any such civil action or claim is subject to this part regardless of any other claims, causes of action, or theories of liability alleged in the complaint; provided, that no provision of this part shall apply to claims against the state

to the extent that such provision is inconsistent with or conflicts with the Tennessee Claims Commission Act, compiled in title 9, chapter 8, part 3.

Tenn. Code Ann. § 29-26-101(a).

Each defendant in this case meets the definition of a health care provider, namely Dr. Testerman is a physician and his employers and AHC are health care organizations. Likewise, the complaint asserts that Defendants were negligent in their care of Plaintiff by failing to remove a sponge that had been placed to aid in Plaintiff's recovery. Accordingly, Plaintiff's action should be classified as a health care liability action, unless the context suggests otherwise pursuant to Tennessee Code Annotated section 29-26-101.

Plaintiff asserts that the context of the action suggests that the health care liability statute is inapplicable because expert testimony is not required to establish his claim. Defendants respond that the claim may still be classified as a health care liability action even if expert testimony is not required. The elements of an ordinary negligence claim include:

> (1) a duty of care owed by the defendant to plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause.

*Satterfield v. Breeding Insulation Co.*, 266 S.W.3d 347, 355 (Tenn. 2008). In contrast, health care liability claims are a specialized type of negligence action. Such actions require the following proof:

> (1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;
>
> (2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and
>
> (3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

Tenn. Code Ann. § 29-26-115(a). "A [health care liability] claimant must establish the statutory elements through the testimony of an expert who meets the qualifications set forth in Tennessee Code Annotated section 29-26-115(b)." *Estate of French v. Stratford House*,

333 S.W.3d 546, 555 (Tenn. 2011) (citing *Barkes v. River Park Hosp., Inc.*, 328 S.W.3d 829, 833 (Tenn. 2010); *Seavers v. Methodist Med. Ctr. of Oak Ridge*, 9 S.W.3d 86, 92 (Tenn. 1999). However, expert testimony is not required if "the negligence is obvious and readily understandable by an average layperson." *Barkes*, 328 S.W.3d at 833, n.2.

Prior to the amendment of Tennessee Code Annotated section 29-26-101, the need for expert testimony was but one of the factors in determining whether the claim was one for ordinary negligence or health care liability pursuant to common law. *French*, 333 S.W.3d 546 at 559-60. Other than requiring the filing of a certificate of good faith when expert testimony is needed, the General Assembly made no distinction in the Act between health care liability claims requiring expert testimony and claims that are obvious and readily understandable by an average layperson. *See* Tenn. Code Ann. § 29-26-122(a) ("In any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint."). Tennessee Code Annotated section 29-26-101 even designates claims involving "staffing, *custodial or basic care*, positioning, hydration and similar patient services" as health care liability claims. Tenn. Code Ann. § 29-26-101(b) (emphasis added). With these considerations in mind, we conclude that the claim at issue here sounds in health care liability as defined by Tennessee Code Annotated section 29-26-101 and that the pre-suit notice provisions set forth in Tennessee Code Annotated section 29-26-121 apply. This conclusion does not end our inquiry because we must now determine whether expert testimony is actually required, thereby necessitating the filing of a certificate of good faith pursuant to Tennessee Code Annotated section 29-26-122.

In *French*, the Court quoted with approval from a Wisconsin Supreme Court opinion as follows:

> 'If the patient requires professional nursing or professional hospital care, then expert testimony as to the standard of that type of care is necessary.' However, if the patient requires nonmedical, administrative, ministerial or routine care, the standard of care need not be established by expert testimony.

333 S.W.3d 546 at at 559 (quoting *Kujawski v. Arbor View Health Care Ctr.*, 407 N.W.2d 249, 252 (Wis. 1987) (citations omitted)). The care at issue here goes beyond the type of "basic" or "routine non-medical" care that the Supreme Court referred to in *French* as not requiring expert testimony to establish the standard of care. *French*, 333 S.W.3d at 560. Contrary to Plaintiff's assertion, this was not the type of case where a sponge was simply left in the body during surgery. The plaintiff in this case required additional surgery to place the wound vacuum and the corresponding sponge to absorb the infection. The sponge remained in the body for a specified purpose, namely to absorb the fluid as the infection drained. AHC

was tasked with changing the sponge when needed, while Dr. Testerman was tasked with ultimately removing the wound vacuum. Plaintiff asserts that Dr. Testerman failed to remove the sponge or ensure that it had been removed when he removed the wound vacuum. Likewise, he claims that AHC also failed to ensure that the sponge had been removed. With these considerations in mind, we conclude that expert testimony is required to establish the elements of the claim and that Plaintiff was required to file a certificate of good faith with his complaint pursuant to Tennessee Code Annotated section 29-26-122. Accordingly, we reverse the decision of the trial court because there is no dispute that Plaintiff failed to comply with the filing requirements contained in the Act.[3]

## V. CONCLUSION

The judgment of the trial court is reversed, and the plaintiff's suit is dismissed with prejudice. Costs on appeal are taxed against the plaintiff, Dennis Smith. This case is remanded for the collection of costs assessed below.

_____
JOHN W. McCLARTY, JUDGE

---

[3]Failure to comply with Tennessee Code Annotated section 29-26-122 mandates dismissal with prejudice, absent good cause. Failure to comply with Tennessee Code Annotated section 29-26-121 requires dismissal without prejudice, absent extraordinary cause. *Stevens v. Hickman Cmty. Health Care, Inc.*, 418 S.W.3d 547, 559-60 (Tenn. 2013).