IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 22, 2020 Session

## MICHAEL SURBER v. MOUNTAIN STATES HEALTH ALLIANCE d/b/a JOHNSON CITY MEDICAL CENTER

**Appeal from the Circuit Court for Washington County**
**No. 33593     J. Eddie Lauderback, Judge**

---

**No. E2019-01494-COA-R3-CV**

---

D. MICHAEL SWINEY, C.J., concurring.

I concur in the decision to affirm the judgment of the Circuit Court for Washington County.  I write separately to explain what I think is an additional crucial difference in this case from *Barkes v. River Park Hosp.*, *Inc.*, 328 S.W.3d 829 (Tenn. 2010).  In addition to what is stated in this Court's Opinion, I believe what distinguishes this case from *Barkes* is the respective plaintiff's proof as to the defendant hospital's duty of reasonable care to its patients and the applicable standard of care relative to that hospital's duty.

As noted in the opinion, Dr. Markowitz was one of the plaintiff's experts both in *Barkes* and in this case.  I, however, find his proposed testimony in this case to differ in a significant way from that presented in *Barkes*.  In *Barkes*, our Supreme Court clearly recognized that "hospitals owe a duty of reasonable care to their patients and may be directly liable to patients independent of any liability based on the hospital's employees or agents." *Barkes*, 328 S.W.3d at 833.

In *Barkes,* the Supreme Court stated that Dr. Markowitz, "an expert witness regarding hospital administration, testified that the standard of care at the time of Mr. Barkes' treatment for hospitals similarly situated to River Park was for a registered nurse to triage the patient and a physician to 'lay hands' on the patient, which is commensurate with River Park's policy." *Id.* at 833 (footnote omitted).  What our Supreme Court did not hold in *Barkes* was that the hospital's policy established the acceptable standard of care for the hospital.  The Supreme Court stated that "[w]e held that a hospital has a duty to its patients to exercise that degree of care, skill, and diligence used by hospitals generally in its community." *Id*. at 835.  Additionally, "Mrs. Barkes was required to show at trial that [the hospital] failed to exercise that degree of care, skill, and diligence used by hospitals

generally in the hospital's community, *Thompson*, 367 S.W.2d at 138 (quoting 41 C.J.S. Hospitals § 8), and that its failure was the cause in fact and a proximate cause of the patient's death." *Id*. at 834. The Supreme Court stated further that "a hospital can be negligent for failing to enforce its policies and procedures in patient care absent a finding that other health care providers were also negligent." *Id*. at 835. Our Supreme Court did not hold that the hospital's policies and procedures established the acceptable standard of care but stated, in effect, that the hospital's policies may well be commensurate with the standard of care at the time of a plaintiff's treatment.

In the case now before us, I can find no evidence presented to the Trial Court, including Dr. Markowitz's offer of proof, as to what was the acceptable standard of "care, skill, and diligence used by hospitals generally in its community." *Id*. at 835. I think that a fair reading of Dr. Markowitz's testimony as presented to the Trial Court was not that the defendant hospital's policies and procedures were consistent with and accurately stated the acceptable standard of care of hospitals in the same or similar communities, but that those policies and procedures established the acceptable standard of care. I do not believe that to be the holding of *Barkes*. To hold otherwise would mean that a hospital, by adopting very minimal policies and procedures, could establish its own acceptable standard of care which could be below the acceptable standard of care for hospitals in the same or similar communities. The acceptable standard of care for hospitals in the same or similar community might well require more or less than is required by a specific hospital's policies and procedures.

In short, I agree with the decision to affirm the Trial Court because, in addition to the reasons stated in this Court's Opinion, there was no proof presented, even in the offer of proof, as to what the acceptable standard of care was for the defendant hospital. A fair reading of the evidence on this issue presented to the Trial Court by the plaintiff was not that the defendant hospital's policies and procedures were commensurate with the acceptable standard of care but that they, in fact, established it. Given the Trial Court's discretion as to ruling on the admissibility of evidence as correctly noted in our Opinion, I find no reversible error as to the Trial Court's decision on this issue. I concur in the decision to affirm the decision of the Trial Court.

_____
D. MICHAEL SWINEY, CHIEF JUDGE

-2-