IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 11, 2022 Session

## JEFFERSON HOWELL ET AL. v. CHATTANOOGA-HAMILTON COUNTY HOSPITAL AUTHORITY D/B/A ERLANGER HEALTH SYSTEM ET AL.

**Appeal from the Circuit Court for Hamilton County**
**No. 16-C-1210      Kyle E. Hedrick, Judge**

_____

**No. E2021-01197-COA-R3-CV**

_____

This appeal involves a healthcare liability action. The plaintiffs filed suit against the defendant hospital, which is a governmental entity, alleging negligence by physicians practicing medicine within the hospital emergency department. The supervising physician was not an employee of the defendant hospital but an employee of a company contracting with the defendant hospital. The medical resident physician and medical student treating the patient in the emergency department also were not employees of the defendant hospital. During summary judgment proceedings, the plaintiffs presented no evidence of direct liability by the defendant hospital or of negligence by the nursing staff at the defendant hospital. Plaintiffs presented such evidence only as to physicians not directly employed by the defendant hospital. Determining that the physicians were not employees of the defendant hospital, the trial court held that the defendant hospital could not be held vicariously liable for the actions of these non-employee physicians under the Governmental Tort Liability Act (GTLA). As such, the trial court granted summary judgment in favor of the defendant hospital. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which JOHN W. MCCLARTY and KRISTI M. DAVIS, JJ., joined.

Marvin B. Berke, Chattanooga, Tennessee, for the appellants, Kimberly Howell and Jefferson Howell.

Joshua A. Powers and Emily M. Roberts, Chattanooga, Tennessee, for the appellee, Chattanooga-Hamilton County Hospital Authority d/b/a Erlanger Health System.

# OPINION

## Background

This case involves the medical care that Jefferson Howell ("Patient") received while at Chattanooga-Hamilton County Hospital Authority d/b/a Erlanger Health System ("Erlanger"). In August 2015, Patient received a laceration to his foot and was transported to the emergency room at Erlanger. While in Erlanger's emergency room, Patient was treated by Dr. Brittany Walsh, a medical resident. Dr. Walsh treated the laceration and performed an X-ray of the injury. A medical student sutured Patient's foot to close the wound. Patient was discharged the same day. At the time, Dr. Walsh had recently graduated from medical school in May 2015 and began her residency sometime after July 1, 2015. Dr. Benjamin Smith was the supervising physician in the emergency room when Patient was treated. According to the affidavits by Plaintiffs, Dr. Smith was never in the treatment room while Patient was being treated for his injury.

Patient and his wife, Kimberly Howell, (collectively "Plaintiffs") filed a healthcare liability action in October 2016 against Erlanger, Dr. Smith, and Emergency Physicians, P.C.[1] in the Hamilton County Circuit Court ("Trial Court"). The complaint identified Dr. Smith as an employee of Emergency Physicians, P.C. at the time of Patient's treatment and stated that "all the actions" described in the complaint occurred within the scope of that employment. In their complaint, Plaintiffs alleged that fiberglass shreds had been left in the wound resulting in an infection, increased pain, swelling, and a high fever. Plaintiffs further alleged that the defendants had been negligent in their treatment of Patient by failing to "properly inspect, clean, test, diagnose, or treat [Patient's] laceration . . . when it failed to remove shreds of fiberglass from [Patient's] foot prior to sewing it and discharging [Patient]." According to the complaint, Patient's foot had not properly healed and will require further surgery. The complaint states that Patient faces the possibility of losing his foot. The defendants each filed an answer to the complaint denying the allegations against them in the complaint.[2]

In October 2020, the Trial Court entered a scheduling order requiring, *inter alia*, Plaintiffs to disclose the identity of any expert witnesses by January 1, 2021, as well as information regarding the expert and a copy of the report prepared by the expert. The

---

[1] Plaintiffs identified Emergency Physicians, P.C., as Dr. Smith's employer. Dr. Smith later testified that he was directly employed by a subsidiary of EmCare, Inc. at the time of Patient's treatment but did not recall the name of the subsidiary.

[2] The defendants also filed motions to dismiss due to an issue with the HIPAA-compliant medical authorization in the pre-suit notice, which were denied. An application for an interlocutory appeal was filed with this Court and denied in February 2018. *See* Order Denying Rule 9 Interlocutory Appeal, *Howell et al. v. Chattanooga-Hamilton County Hospital Authority et al.*, No. E2017-02228-COA-R9-CV (Tenn. Ct. App. Feb. 13, 2018).

deadline passed, and Plaintiffs did not identify any expert witness they intended to use to support their cause of action.

In February 2021, Erlanger filed a motion for summary judgment and memorandum of law in support thereof, arguing that "Plaintiffs cannot establish the four necessary elements: (1) the applicable standard of care; and (2) a breach of the applicable standard of care that (3) proximately caused (4) injuries to the Plaintiffs that would not otherwise have occurred." Erlanger argued that Plaintiffs were required to present expert proof to support their allegations of negligence against Erlanger, and they had not timely done so. Erlanger also filed a statement of material facts in support of its motion. Erlanger attached to its motion an affidavit from Patrick S. Hefner, a registered nurse practicing in North Carolina, stating that he is familiar with the recognized standard of acceptable practice for that of nurses in the Chattanooga, Tennessee area and that the nursing treatment provided to Patient at Erlanger met that standard of care. Erlanger argued that Plaintiffs' bare assertions without expert testimony were not sufficient to comply with Tenn. Code Ann. § 29-26-115 and requested that summary judgment be granted in favor of Erlanger.[3]

In March 2021, Plaintiffs filed a response to Erlanger's motion for summary judgment. Plaintiffs' response included an affidavit by Dr. Suzanne Storey, an affidavit by each of the individual plaintiffs, and excerpts from the depositions of Dr. Smith and Dr. Walsh. Dr. Storey is a primary care physician who treated Patient for his injury in her office two days after the injury. According to the response, Plaintiffs were not required to list a treating physician as an expert witness and Dr. Storey's affidavit established the violation of the standard of care and the resulting injury. Dr. Storey's affidavit described her interaction with Patient and the condition of his injury. Dr. Storey opined in her affidavit that an MRI or CT scan should have been ordered to better assess the extent of Patient's injuries, as well as "an urgent orthopedic consultation and referral for evaluation." According to Dr. Storey, "Erlanger Hospital and its Emergency Room physician, Dr. Benjamin Smith, acted with less than the standard of care proximately resulting in the infection and the later treatment by the orthopedic physician."

In their response, Plaintiffs mention that Patient was treated by Dr. Walsh, who only recently had graduated medical school, and an unnamed medical student, both of whom were practicing medicine under the supervision and licensure of Dr. Smith, but that Dr. Smith had no direct recollection of Patient's treatment. Both Plaintiffs state in their respective affidavits that Dr. Smith was not in the room at any point during Patient's treatment and identify two females in the room providing treatment, as well as a male medical student. Kimberly Howell stated in her affidavit that she repeatedly requested one of the female individuals to call in a specialist and to get an MRI exam for Patient, but the

---

[3] Dr. Benjamin Smith also filed a separate motion for summary judgment arguing that Plaintiffs were unable to meet their burden of proof due to their failure to disclose an expert witness.

female refused. According to Ms. Howell, the female also told her that Patient did not need antibiotics. For the purposes of summary judgment, Plaintiffs did not dispute that the nurses at Erlanger had "met the standard of acceptable professional practice for a nurse practicing in the Chattanooga, Hamilton County, Tennessee community and/or similar community in or about August 2015, in all respects regarding Jefferson Howell's care and treatment."

Erlanger filed a reply in support of its motion for summary judgment, wherein it argued that Plaintiffs, even with Dr. Storey's affidavit, had not disputed Nurse Hefner's opinion that the nurses at Erlanger had met the applicable standard of care for nurses.[4] As such, Erlanger argued that "the only 'expert opinion' presented by Plaintiffs, was the Affidavit of Suzanne Storey, M.D., and it does not allege that Erlanger or its nurses deviated from the standard of care." Erlanger argued that because it was a governmental entity, it could not be liable for the alleged negligent actions of non-employees, including Dr. Smith or Emergency Physicians, P.C.

Erlanger attached several documents to its reply, including excerpts from the depositions of Dr. Walsh and Dr. Smith. According to Dr. Walsh's deposition, she, as a medical resident, was an employee of the University of Tennessee and was paid through the University of Tennessee graduate medical education. Dr. Walsh testified that back in 2015, the residents were supervised by attending physicians staffed by EmCare, Inc. Additionally, Dr. Smith testified in his deposition that he was not a direct employee of Erlanger and that Erlanger had contracted with EmCare, Inc. to provide emergency medicine services in its hospital. According to Dr. Smith, he was employed by EmCare, Inc., but could not recall the specific name of the subsidiary of EmCare, Inc., that was his direct employer at the time Patient was treated.

Plaintiffs filed a response to Erlanger's reply and argued that Erlanger had "a non-delegable duty" to furnish emergency medical services, pursuant to Tenn. Code Ann. § 68-140-201 and the rules of the Tennessee Department of Health. Erlanger subsequently filed a sur-reply in support of its motion distinguishing a circuit court case cited by Plaintiffs because the case had involved a hospital that was not a governmental entity and did not

---

[4] Erlanger and Dr. Smith filed motions to strike Dr. Storey's affidavit that was attached to Plaintiffs' response to the summary judgment motions because the affidavit had been untimely. Plaintiffs, however, responded that Dr. Storey was a treating physician and that she did not have to be disclosed as an expert. In its order regarding Dr. Smith's summary judgment motion, the Trial Court ultimately allowed expert opinion by Dr. Storey despite being untimely because Plaintiffs' attorney had a "legitimate misunderstanding" regarding whether Dr. Storey was a treating physician. However, the Trial Court limited Dr. Storey's testimony to the following three opinions from her affidavit: "1) CT scan should have been ordered, which would have been more effective in dealing with this; 2) ordering the x-ray only and not a CT was a violation of the standard of care; 3) due to the extent of the injury and limitation of x-ray findings, an urgent orthopaedic consultation and referral for evaluation should have been ordered."

involve the GTLA. Erlanger argued that under the GTLA, it could not be vicariously liable for the actions of non-employee emergency department physicians.

The Trial Court conducted a hearing in March 2021, in which it considered Erlanger's summary judgment motion and Plaintiffs' opposition thereto. The Trial Court did not rule at that time, rescheduled the hearing for two weeks later, and permitted the parties to file further documents in support of their arguments. Following the first motions hearing, Plaintiffs filed a response to Erlanger's GTLA argument, stating that pursuant to Tenn. Code Ann. § 29-20-207, immunity from liability is removed for the furnishing of medical emergency services; that Erlanger provides emergency services; and that those services are "non-delegable so that negligence in the furnishing of these services makes the hospital liable." According to Plaintiffs, it is immaterial whether a physician practicing medicine at Erlanger is a hospital employee.

Erlanger subsequently filed a second sur-reply in support of its motion, in which it stated that Plaintiffs had misinterpreted Tenn. Code Ann. § 29-20-207 and that section 207 is applicable to emergency services, such as police, fire, and utilities, and is not applicable to providing emergency medical care to patients. According to Erlanger, Tenn. Code Ann. § 29-20-207 applies to "agreements between governmental entities under certain types of cooperation agreements" and is not applicable to the contract between Erlanger and a private company, EmCare. Erlanger further cites to Tenn. Code Ann. § 68-11-205(b)(6) as prohibiting Tennessee hospitals from employing emergency medicine physicians.[5]

During a hearing in April 2021, the Trial Court addressed the pending motions. At the conclusion of the hearing, the Trial Court orally granted Erlanger's motion for summary judgment upon its conclusion that there was no direct expert testimony that Erlanger or any of its employees were responsible based on their own conduct. The Trial Court concluded that the GTLA barred Plaintiffs' claims against Erlanger that were based on the actions of non-employees.

In July 2021, the Trial Court entered an order granting Erlanger's motion for summary judgment. In its order, the Trial Court found that Plaintiffs had not rebutted Nurse Hefner's opinion that the Erlanger nurses had met the standard of care and that Dr. Storey's criticism of Patient's treatment involved care that would have been provided by a physician. Finding that Erlanger is a governmental entity and that neither Dr. Smith nor Dr. Walsh are employees of Erlanger, the Trial Court determined that Erlanger could not be held vicariously liable for the actions of Dr. Smith or Dr. Walsh under the GTLA. Based on the foregoing, the Trial Court found that there was no genuine issue of material fact and granted Erlanger's motion for summary judgment. Plaintiffs subsequently filed a motion,

---

[5] Although Erlanger incorrectly cited to subsection (a)(6), it is clear that Erlanger intended to cite to subsection (b)(6).

seeking a new trial and to alter or amend the Trial Court's judgment, which was denied by the Trial Court.[6] Plaintiffs timely appealed to this Court.

## **Discussion**

Although not stated exactly as such, Plaintiffs raise the following issue for our review: whether the Trial Court erred by finding that Erlanger, which is required by law to furnish an emergency room, is not liable for the negligence of physicians practicing medicine in its hospital who are not employees of Erlanger but are employed by third parties contracting with Erlanger. This case involves the granting of a summary judgment motion. As our Supreme Court has instructed:

> Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *see also Abshure v. Methodist Healthcare– Memphis Hosp.*, 325 S.W.3d 98, 103 (Tenn. 2010). In doing so, we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013) (citing *Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 471 (Tenn. 2012)).

* * *

> [I]n Tennessee, as in the federal system, when the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id*.

---

[6] While Plaintiffs' motion was pending, Plaintiffs voluntarily dismissed their action against Dr. Benjamin Smith and Emergency Physicians, P.C., with prejudice.

When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, 106 S. Ct. 1348. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250, 264-65 (Tenn. 2015).

It is undisputed that Erlanger is a governmental entity, subject to the provisions of the Governmental Tort Liability Act (GTLA). The GTLA removes immunity from liability when an injury is caused by the negligent actions of governmental employees acting within the scope of their employment. *See* Tenn. Code Ann. § 29-20-205 (2012). Tenn. Code Ann. § 29-20-107(a) (2012) provides that in order to be considered an employee for purposes of the GTLA, the individual must meet each of the following five elements:

(1) The governmental entity itself selected and engaged the person in question to perform services;

(2) The governmental entity itself is liable for the payment of compensation for the performance of such services and the person receives all of such person's compensation directly from the payroll department of the governmental entity in question;

(3) The person receives the same benefits as all other employees of the governmental entity in question including retirement benefits and the eligibility to participate in insurance programs;

(4) The person acts under the control and direction of the governmental entity not only as to the result to be accomplished but as to the means and details by which the result is accomplished; and

(5) The person is entitled to the same job protection system and rules, such as civil service or grievance procedures, as are other persons employed by the governmental entity in question.

There is no dispute that Dr. Smith and Dr. Walsh were not direct employees of Erlanger. Pursuant to Tennessee law, Erlanger was prohibited from employing an emergency department physician directly as an employee of its hospital unless also employed to provide other medical services permitted by statute. *See* Tenn. Code Ann. § 68-11-205(b)(6) (2013). At a hearing for the summary judgment motion, Plaintiffs' attorney acknowledged that Dr. Smith was a "non-Erlanger employee." Dr. Smith was an employee of a separate company that had contracted with the hospital to provide physician staffing, and Dr. Walsh was an employee of the University of Tennessee as part of its residency program.

Plaintiffs argue on appeal that they can maintain a claim of direct negligence against Erlanger. We agree that the GTLA has been interpreted to allow a direct negligence claim against a governmental entity. *See Gilreath v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, No. E2015-02058-COA-R3-CV, 2016 WL 3435788, at *8 (Tenn. Ct. App. June 15, 2016) (citing *Limbaugh v. Coffee Med. Ctr.,* 59 S.W.3d 73, 83-86 (Tenn. 2001) (other citation omitted)). However, we note that Plaintiffs have not argued any negligence resulting from actions specifically by Erlanger nor challenged any specific policy enacted by Erlanger resulting in harm to Patient. Instead, Plaintiffs alleged negligence only regarding the actions by Dr. Smith and Dr. Walsh in their medical treatment of Patient. Neither doctor is an employee of Erlanger.

As to direct liability, Plaintiffs argue on appeal that Erlanger possessed certain statutory duties involving the providing of medical emergency services to patients. According to Plaintiffs, those statutory duties are non-delegable, and Erlanger is directly liable for the performance of those duties. While recognizing that the theory of direct negligence can be applicable to hospitals, our Supreme Court assured that direct liability would not "result in the imposition of strict liability against hospitals for injuries suffered by its patients, nor will it make hospitals a guarantor of patients' health irrespective of individual negligence or force hospitals to regulate the medical decisions of doctors practicing in the hospital." *Barkes v. River Park Hosp., Inc.*, 328 S.W.3d 829, 835-36 (Tenn. 2010).

During oral argument and in their appellate brief, Plaintiffs took issue with the credentials of the individuals treating Patient in the emergency department at Erlanger. Plaintiffs argued that Erlanger was negligent in allowing a medical student and a recently graduated doctor to treat patients in its hospital when they had no medical license and were practicing under the supervision and medical license of Dr. Smith, their supervising physician. Plaintiffs presented no expert proof that Erlanger's allowing this arrangement in its emergency department fell below the standard of acceptable care for hospitals. We note that Plaintiffs' expert proof centers around Dr. Walsh and Dr. Smith's decisions not to obtain an MRI or CT scan for Patient and not to refer him for an orthopedic consult. These are medical decisions of non-employee physicians providing medical care at Erlanger, and our Supreme Court has held that hospitals are not directly liable for these medical decisions. We find Plaintiffs' argument regarding direct negligence to be unavailing.

Upon our review of the complaint and the affidavit of Plaintiffs' expert, Plaintiffs' allegations are that of vicarious liability, i.e., Plaintiffs seek to hold Erlanger liable for the negligent actions of other individuals. This Court previously addressed whether a governmental entity can be held vicariously liable for the actions of non-employee physicians practicing within its hospital. *See Gilreath v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, No. E2015-02058-COA-R3-CV, 2016 WL 3435788 (Tenn. Ct. App. June 15, 2016). In *Gilreath*, because the physicians were not employees of the governmental entity, this Court held that the governmental entity could not be held vicariously liable for any negligent actions of non-employees. *Id.* at \*7. *Gilreath's* holding is applicable to the present case.

In their brief, Plaintiffs cite to several cases involving hospitals being held liable in negligence actions; however, those cases are distinguishable from the present case and *Gilreath*. Plaintiffs cite to cases that involved vicarious liability and non-governmental entities, which are distinguishable because Erlanger is a governmental entity and the GTLA applies. *See, e.g., Boren ex rel. Boren v. Weeks*, 251 S.W.3d 426 (Tenn. 2008); *White v. Methodist Hosp. S.*, 844 S.W.2d 642 (Tenn. Ct. App. 1992). Plaintiffs also cite to a case involving direct liability for hospitals, something we have determined Plaintiffs had not alleged and presented proof thereof during summary judgment. *See Barkes v. River Park Hosp., Inc.*, 328 S.W.3d 829 (Tenn. 2010). Additionally, Plaintiffs cite to a case that, although it includes a county hospital, unsurprisingly does not mention the GTLA as it pre-dates the effective date of the GTLA. *See Pullins v. Fentress Cnty. Gen. Hosp. & All-Am. Exterminating Co., Inc.*, 594 S.W.2d 663 (Tenn. 1979).[7]

---

[7] The Governmental Tort Liability Act (GTLA) was first enacted by the Tennessee General Assembly in 1973 to go into effect on January 1, 1974. *See* Tenn. Pub. Acts 1973, Ch. 345 (S.B. 654). The legislative bill states: "This Act shall take effect on January 1, 1974, and shall apply only to claims or actions arising after said date . . . ." In *Pullins*, our Supreme Court recognized that "[the plaintiff] and her husband filed the complaint in this case seeking damages for personal injuries which she alleges she received by reason

In the present case, Plaintiffs included no allegation of negligence on the part of any employee of Erlanger and admitted for the purposes of summary judgment that the nursing staff at Erlanger had met the standard of acceptable care in their care and treatment of Patient. Because Plaintiffs' allegations against Erlanger were that of vicarious liability and not direct liability, we hold consistent with *Gilreath*, as did the Trial Court, that there was no genuine issue of material fact and that Erlanger is entitled to a judgment as a matter of law because the GTLA prevented Erlanger from being held vicariously liable for the actions of non-employees. Therefore, we affirm the Trial Court's grant of summary judgment in favor of Erlanger.

## Conclusion

The judgment of the Trial Court is affirmed in its entirety. This matter is remanded to the Trial Court for collection of the costs assessed below. Costs on appeal are taxed to the appellants, Jefferson Howell and Kimberly Howell.

_____
D. MICHAEL SWINEY, CHIEF JUDGE

---

of sustaining a bite from a brown recluse spider while she was a patient in the defendant Fentress County General Hospital on or about July 20, 1973." *Pullins*, 594 S.W.2d at 664-65. Therefore, the injury at issue in *Pullins* occurred prior to the effective date of the GTLA.